Moitpnv, J.
delivered the opinion of the court.
Plaintiffs seek to recover $504 as the value of a quantity of corn they had stored for safe keeping in a warehouse kept by Mills and Settle. This warehouse, the property of defendants, had been leased to the said Mills & Settle ; the latter being indebted to defendants to the amount of $200 for rent, were sued and the corn belonging to plaintiffs seized under an order of provisional seizure. Upon being informed of this, plaintiffs immediately apprised defendants that the corn was them property, offered to pay the amount of storage due on it, and notified them that they would be held responsible for the value of the corn, if not returned. Notwithstanding this notice and offer, on the part of plaintiffs, the corn was sold to pay the rent. The question is whether under these circumstances the goods of plaintiffs were pledged by operation of law to secure the judgment of the rent to the proprietors of the store, and if so, to what extent ? It is contended that the corn seized was subject to defendants’ right of pledge for the whole amount of rent due to them under article 2677 of the La. Oode, which declares that “ this right of pledge affects not only the movables of the lessee and under lessee, but also those belonging to third persons when their goods are contained in the house or store by their own consent express or implied.” It seems to be taken for granted that plaintiffs are third persons and not under lessees; we can [500] see no good reason why they should be so considered. The preceding article, 2675, gives to the lessor, for the payment of his rent, a right of pledge on the movable effects of the lessee which are found on the premises leased. It declares that this right in cases of houses and other edifices includes the furniture of the lessee and the merchandise in the house or apartment, if it be a store or a shop. The next article provides that this right extends to the effects of sub-lessees so far as they may be indebted to the principal lessee, at the time when the proprietor chooses to exercise his right. From these articles of our Oode, it is apparent that no difference was intended to- be made between dwelling houses and stores, in relation to the rights of the proprietor on the effects of the lessee and under lessee. We cannot consider persons who pay storage for the safe keeping of their goods in a warehouse in any other light than that of ordinary sub-lessees. The only difference between the latter and the former consists in the mode of payment of their rent; the one pays so much per month or per year for the whole or the part of the building, while the other pays in proportion to the quantity of goods stored *672 and the time they remain in the 'warehouse. It is well known that the most ordinary use made of large stores and warehouses, by those who rent them, is to receive goods on storage. It has become, in this city, a particular line of business; the commission merchant, receiving the produce of the western country, but seldom rents a store directly from the proprietor; the latter generally rents by the year, while the commission merchant wants a place of safe keeping only temporarily until he can sell the goods consigned to him. Thus the lessee of a warehouse generally underlets for short and indefinite periods to a number of persons such portions of the premises, leased to him, as may be wanted for the storage of goods and merchandise. It is very unusual for the principal lessee of a warehouse to underlease in any other way, nor would he find it profitable to do otherwise; but whether the underlease is [501] made of a certain part of a warehouse, or whether it is made by receiving goods on storage, it appears to us that the persons who pay rent or storage to the principal lessee, are his sub-lessees within the meaning of article 2676; and that their effects are to be subjected to the proprietor’s right of pledge only for such sum as they may be pwing at the time this right is enforced.
In a city like ours, through which vast quantities of produce and goods are continually passing either to be sold for exportation or to be carried into the interior of the country, it would be detrimental to the interests of trade, if a different rule was to prevail; provisional seizures for large arrears of rent would be constantly obstructing the free and extensive transaction of business, and would, in some oases, lead to extreme hardship and injustice; it is from considerations of this kind, we understand, that elsewhere goods stox-ed in warehouses, in the course of trade, have been considered as placed there temporarily and have been entirely exempted from distress for rent. 3 Kent’s Com. 477.
It is therefore ordered, that the judgment of the district court be affirmed, with costs.